By the Court.
 

 Application was filed with the Public Utilities Commission by the Railway Express Agency, Inc., to amend its certificate of public convenience and necessity No. 4590, which' authorized the transportation of property in intrastate commerce between Rittman and Wadsworth, by extending the route from Wadsworth via Western Star to Barberton, all those points being in Ohio.
 

 Commercial Motor Freight, Inc., Motor Express, Inc., and Cleveland, Columbus
 
 &
 
 Cincinnati Highway, Inc., all motor transportation companies engaged in the transportation of property in intrastate commerce in the territory covered by the application of the Railway Express Agency, Inc., appeared and protested against granting the extension.
 

 Hearing was had before an attorney-examiner, who recommended that the application for an extension be denied, but after a hearing the Public Utilities Commission, citing as authority
 
 Railway Express Co., Inc.,
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 159, 179 N. E., 356, issued an order granting the extension subject
 
 “to
 
 a limitation to the carriage of property in express service at the rates and charges and under the
 
 *76
 
 rules and regulations set forth and provided in the company’s published schedules governing express service filed in the railroad tariff department” of the commission.
 

 The protestants before the commission prosecuted appeal to this court from that order of the commission.
 

 It appears from the record that a branch of the Erie Railroad Company operated trains with stops at Rittman, Wadsworth and Barberton, and with the consent of the Public Utilities Commission the railroad discontinued stopping trains at Wadsworth. Thereafter the Express Agency was granted the certificate of public convenience and necessity heretofore mentioned to operate a one ton truck to and from Rittman and Wadsworth to handle express shipments originating at and destined for those points. Subsequently the railroad discontinued stopping trains at Barberton, which resulted in depriving the express agency of direct facilities for transporting express shipments to and from that city, whereupon the aforementioned application was made by the express agency to amend its certificate of public convenience and necessity between Rittman and Wadsworth by extending the route to Barberton.
 

 We are of opinion that the order of the Public Utilities Commission granting the extension from Wadsworth to Barberton is not unlawful or unreasonable and the order is affirmed, on authority of
 
 Railway Express Agency, Inc.,
 
 v.
 
 Public Utilities Commission, supra.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.